RONALD J. TENPAS
*Acting Assistant Attorney General, ENRD*
STACEY H. MITCHELL
*Chief, Environmental Crimes Section*
J. RONALD SUTCLIFFE (ISB # 6236)
*Trial Attorney*

THOMAS E. MOSS
*United States Attorney*
MICHELLE MALLARD
*Assistant U.S. Attorney*
*801 E. Sherman, Room 192*
*Pocatello, ID 83201*
*(208) 478-4166*
*FAX: (208) 478-4175*

*ATTORNEY FOR PLAINTIFF*
*UNITED STATES OF AMERICA*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-06-206-E-BLW |
| Plaintiff | |
| v. | SENTENCING MEMORANDUM |
| KRISTER "KRIS" SVEN EVERTSON, | |
| a.k.a. Chris Ericksson, | |
| a.k.a. Krister Ericksson, | |
| Defendant. | |

SENTENCING MEMORANDUM- 1

COMES NOW J. Ronald Sutcliffe, Department of Justice Environmental Crimes Section, and Michelle Mallard, Assistant United States Attorney for the District of Idaho, hereby file a Sentencing Memorandum.

**I. Evertson Should Not Receive a Straight Probationary Sentence.**

The Sentencing Guidelines provide the best framework for achieving fair and consistent sentences in the federal criminal justice system. The Guidelines represent appropriate policy judgments concerning sentencing. Congress and the Sentencing Commission have made judgments about the appropriate penalties for federal crimes. The Guidelines range applicable in this case represents the appropriate policy judgment regarding the sentence and the Guidelines, and the range calculated thereunder, best represent the goals of sentencing under 18 U.S.C. § 3553(a).

In *Rita v. United States*, 127 S.Ct. 2456 (2007), the Supreme Court considered the appropriate standards for appellate review of within-Guidelines sentences under *United States* v. *Booker*, 543 U.S. 220 (2005). The Court upheld the court of appeals' application of a presumption of reasonableness, found the sentencing court's statement of reasons sufficient, and affirmed the reasonableness of the sentence. *Rita* and the Supreme Court cases leading up to it to provide district courts with authority to sentence outside the applicable Guidelines range based on a judgment that the Guidelines sentence "fails properly to reflect the § 3553(a) considerations", 127 S. Ct. at 2465, or "that the Guidelines reflect an unsound judgment." *Id*. at 2469.

*Rita's* major holding is that courts of appeals *may* apply a presumption of reasonableness to a within- Guidelines sentence. *E.g.*, 127 S. Ct. at 2467 ("we permit courts of appeals to adopt

SENTENCING MEMORANDUM- 2

a presumption of reasonableness.") Although, *Rita* noted that the First, Second, Third, and Eleventh Circuits have not done so, the Court did not explicitly reject those decisions. *Id*. at 2462. The Ninth Circuit has not yet decided the issue. However, *Rita* makes clear that:

(1) the sentencing judge and the Commission, by statute, are carrying out "the same basic § 3553(a) objectives" (district courts "at retail," the Commission "at wholesale"). *Id*. at 2463;

(2) the Commission's Guidelines can be assumed to be a "rough approximation" of a sentence that would "achieve § 3553(a)'s objectives." *Id*. at 2465;

(3) the presumption of reasonableness does not violate the Sixth Amendment, *Id*. at 2465-2467; and

(4) when the court of appeals reviews a Guidelines sentence, the fact that both the sentencing court and the Commission agree on the sentence "significantly increases the likelihood that the sentence is a reasonable one," *Id*. at 2463, because "when the judge's discretionary decision accords with the Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable." *Id*. at 2465.

Evertson has asked the Court for a probationary sentence in this matter. This request is at odds with the Probation report which provides for a low-end guideline sentence of fifty-seven months. Depending on which applications the Court finds appropriate, a variance from a low-end guideline sentence of fifty-seven months to a probationary sentence would be an extreme variance.

Nor is this case outside the heartland of cases as Evertson argues in his sentencing memorandum. Evertson suggests that imprisonment should be limited to "those individuals who

SENTENCING MEMORANDUM- 3

truly knew the rules and broke them." (Memorandum at 8.) The jury found Evertson guilty of willfully violating the Hazardous Materials Transportation Safety Act. The jury found that Evertson knew the rules and violated them. This finding is well supported by the facts at trial that were introduced from Evertson's own notebooks where he had made notations about the laws involved. Evertson had even correctly noted the UN numbers for the materials he was transporting. A probationary sentence is not warranted in this matter.

**II. A Nine Level Increase For Likelihood Of Injury Is Appropriate.**

It is appropriate in this case that Evertson receive a nine level increase for likelihood of causing serious injury under § 2Q1.2 (b)(2). The Government will call witnesses at sentencing to establish the danger of having the amount of sodium Evertson possessed in proximity to a small community. The Court can also rely upon the testimony at trial to establish the danger of the storage and transport of the sodium metal and the associated waste products. The opening of the tank which contained the hazardous waste from Evertson's failed manufacturing process alone satisfies the (b)(2) requirement of substantial likelihood of death or serious bodily injury.

Two of the three reported decisions which discuss §2Q1.2 (b)(2) are limited to asbestos cases. *United States v. Pearson*, 247 F.3d 1225 (9th Cir. 2001) and *United States v. Thorn*, 446 F.3d 378 (2d Cir. 2004) both upheld application of (b)(2) to so-called "rip and run" asbestos removals. There is no need by the Government to establish an absolute certainty that there was a likelihood of injury or death. The Government need only establish that it was considerably more likely that the injury would occur than not occur. See *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1026 (2d Cir. 1985).

SENTENCING MEMORANDUM- 4

One Tenth Circuit decision which applied a nine level enhancement under (b)(2) is almost identical to the facts in Evertson's case. In *United States v. Dillon*, 351 F.3d 1315 (10th Cir. 2003) Dillon pled guilty to knowingly storing large quantities of ignitable hazardous waste without a permit. The Court found by a preponderance of the evidence that Dillon had created a risk of serious injury to others because of the possibility of a fire or explosion and that the risk was substantial "not from the way in which the materials were handled, but due simply to the fact that large quantities of ignitable hazardous wastes were sitting on [Dillon]'s properties." *Dillon* at 1317. This finding occurred despite testimony that the facility was equipped with necessary safety equipment; had warning signs; training of employees to deal with the waste; and proper outfitting of the employees.

In Evertson's case there was a large amount of explosive waste sitting at a facility where the owner had, at best, a vague notion of what the materials were. There were no warning signs other than stickers on the drums, no facility plan or employee training. The only difference between Evertson's case and Dillon's is that the facility in Salmon was more rural in character. Evertson's illegal storage exceeds the danger found in *Dillon*. The Court should find a nine level enhancement under §2Q1.2 (b)(2).

**III. The Removal Action Was Necessary and Evertson Never Claimed The Sodium.**

Evertson will argue that the sodium and the associated wastes did not need to be removed by the Environmental Protection Agency (EPA). The Government will present evidence at sentencing that the EPA contacted both Evertson and his lawyer in Alaska, and they disclaimed any interest in the materials. This makes sense because Evertson was facing an illegal transportation of hazmat felony in Alaska at the time. Evertson should not be allowed to have it

SENTENCING MEMORANDUM- 5

both ways. Either the materials were of value to him at the time or not. Evertson chose the latter. The Court should find that restitution is appropriate in this matter.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court impose a sentence within the guideline range as set forth in the Presentence Investigation Report.

Respectfully Submitted this _____ of October, 2007,

                                          THOMAS E. MOSS
                                          United States Attorney
                               District of Idaho


                                         ___s/_____
                                         J. RONALD SUTCLIFFE (ISB # 6236)
                                         United States Department of Justice
                                         Email: Ronald.Sutcliffe@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Sentencing Memorandum was served on counsel for the defendant electronically:

Nicolas V. Vieth, Esq.
Counsel for Defendant Krister Sven Evertson
Federal Defender Services of Idaho
757 North 7th Ave.
Pocatello, ID 83201

\_\_\_s/_____
Pamela Groves