IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

_____

UNITED STATES OF AMERICA,    )
                     )  Case No.
           Plaintiff,  )  CV-06-206-E-BLW
                     )
vs.                   )
                     )
KRISTER "KRIS" SVEN EVERTSON,  )
a.k.a. Chris Ericksson,     )
a.k.a. Krister Ericksson,   )
                     )
          Defendant.  )
_____)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

JURY TRIAL

*Volume VI of VI*

*Pages 747 through 776*

Before Chief District Judge B. Lynn Winmill

Held June 18, 2007

Reported by:
Stacy A. Heinz, RPR, CRR, CSR #683

A P P E A R A N C E S:

For Plaintiff:
RONALD J. TENPAS
Acting Assistant Attorney General
by J. RONALD SUTCLIFFE
Trial Attorney
U.S. Department of Justice
Environmental Crimes Section
c/o U.S. Attorney's Office
800 Park Blvd., Ste. 600
Boise, ID 83712

THOMAS E. MOSS
United States Attorney
by MICHELLE MALLARD
Assistant United States Attorney
801 E. Sherman, Room 192
Pocatello, Idaho 83201

For Defendant:
FEDERAL DEFENDER SERVICES OF IDAHO
by NICOLAS V. VIETH
and STEVEN V. RICHERT
757 North 7th Ave.
Pocatello, Idaho 83201

\* \* \* \* \*

\* \* \*

\*

# W I T N E S S E S

PLAINTIFF'S WITNESSES                                                    PAGE

## *Case-in-Chief*

THOMAS BOYDEN,

      Direct by Ms. Mallard....................... 454
      Cross by Mr. Vieth.......................... 460

MARC CALLAGHAN,

      Direct by Mr. Sutcliffe.................... 300
      Cross by Mr. Richert....................... 355
      Redirect by Mr. Sutcliffe................. 416
      Recross by Mr. Richert..................... 423
      Further Redirect by Mr. Sutcliffe........... 424

ROBERT CHAFFIN,

      Direct by Mr. Sutcliffe.................... 134
      Cross by Mr. Vieth........................ 174
      Redirect by Mr. Sutcliffe................. 207

FRANK DALRYMPLE,

      Direct by Ms. Mallard....................... 95
      Cross by Mr. Vieth........................ 109

DEREK ESPLAND,

      Direct by Mr. Sutcliffe.................... 233
      Cross by Mr. Vieth........................ 266
      Redirect by Mr. Sutcliffe................. 275
      Recross by Mr. Vieth...................... 276

JEFFREY FOWLOW,

      Direct by Mr. Sutcliffe.................... 427
      Cross by Mr. Vieth........................ 444
      Redirect by Mr. Sutcliffe................. 452

TERESA GREGORY,

      Direct by Mr. Sutcliffe.................... 277
      Cross by Mr. Richert....................... 282

## W I T N E S S E S (Cont'd)

PLAINTIFF'S WITNESSES                                    PAGE


GRANT HAVEMANN,

     Direct by Ms. Mallard........................  118
     Cross by Mr. Richert.........................  122

ADAM MATTISON,

     Direct by Mr. Sutcliffe......................  543
     Cross by Mr. Vieth..........................  553
     Redirect by Mr. Sutcliffe...................  554

CARL OVERPECK,

     Direct by Mr. Sutcliffe......................  463
     Cross by Mr. Vieth..........................  501

ROBERT PERRY,

     Direct by Ms. Mallard........................  126
     Cross by Mr. Richert.........................  131

RICHARD ROSS,

     Direct by Mr. Sutcliffe......................  508
     Cross by Mr. Vieth..........................  532

DIANA SUNDLES,

     Direct by Ms. Mallard........................   61
     Cross by Mr. Vieth..........................   70

TIMOTHY SUNDLES,

     Direct by Mr. Sutcliffe......................   20
     Cross by Mr. Vieth..........................   34

JEANINE TANNER,

     Direct by Ms. Mallard........................   77
     Cross by Mr. Richert.........................   84

# W I T N E S S E S (Cont'd)

PLAINTIFF'S WITNESSES                                    PAGE


THOMAS RICHARD WRIGHT,

    Direct by Mr. Sutcliffe...................... 555
    Cross by Mr. Richert........................ 583
    Redirect by Mr. Sutcliffe................... 600
    Recross by Mr. Richert...................... 603
    Further Redirect by Mr. Sutcliffe............ 604

* * * * *

* * *

*

# W I T N E S S E S

DEFENDANT'S WITNESSES                                    PAGE

## *Case-in-Chief*

MARK MALACHOWSKI,

    Direct by Mr. Vieth.........................  653
    Cross by Mr. Sutcliffe.....................  689
    Redirect by Mr. Vieth......................  718

RONALD PHILLIPS,

    Direct by Mr. Vieth........................  650

SAM SLAVIN,

    Direct by Mr. Richert......................  615
    Cross by Ms. Mallard.......................  620

DeWAYNE SHELTON,

    Direct by Mr. Vieth........................  641
    Cross by Ms. Mallard.......................  649

\* \* \* \* \*

\* \* \*

\*

# W I T N E S S E S

<u>PLAINTIFF'S WITNESSES</u>                                      <u>PAGE</u>

## *<u>Rebuttal</u>*

<u>RICHARD ROSS,</u>

    Direct by Mr. Sutcliffe...................... 726
    Cross by Mr. Vieth.......................... 733

\* \* \* \* \*

\* \* \*

\*

# E X H I B I T S

## PLAINTIFF'S EXHIBITS                                        PAGE

| | | | |
|---|---|---|---|
| 1. | Tanner Building photograph | Admitted | 143 |
| 2. | Shipping Paper ABF, EVT-1389 | Admitted | 97 |
| 3. | Shipping Paper ABF, EVT-1395 | Admitted | 106 |
| 4. | Freight Bill of Lading with Handwriting, EVT 001747 | Not Offered | |
| 5. | Steel and Ranch Supply photograph front view | Admitted | 137 |
| 6. | Steel and Ranch Supply photograph alt. view | Admitted | 138 |
| 7. | DSC00005.jpg photo of drums | Admitted | 161 |
| 8. | DSC00007.jpg photo of drums | Admitted | 164 |
| 9. | 102_0214.jpg photo of borax sacks | Admitted | 164 |
| 10. | Mead Notebook Green - 70 page with price sticker, EVT-000086-000139 | Admitted (with limiting instruct.) | 164 |
| 11. | Mead Notebook Red - 70 page, EVT-00255-000286 | Admitted (with redaction) | 244 |
| 12. | Mead Notebook Blue - 132 pages, EVT-001063-001146 | Admitted | 256 |
| 13. | 585 Grams Ebay ad, EVT-000231 | Not Offered | |
| 14. | MSDS Sheet Sodium Metal - partial with handwriting, EVT-000490 | Admitted (with limiting instruction) | 262 |
| 15. | Memo outlining Sundles v. Krister duties, EVT-000566 | Admitted | 262 |

# E X H I B I T S (Cont'd)

<u>PLAINTIFF'S EXHIBITS</u>                                    <u>PAGE</u>

| | | | |
|---|---|---|---|
| 16. | Scientific Article on Diborane with handwriting/notes, EVT-000945 | Admitted | 263 |
| 17. | Copy of Patent Application 3,459,514 with notations, EVT-000224-000230 | Admitted | 265 |
| 18. | MSDS Sheet, EVT-000565 | Admitted | 266 |
| 19. | Printout DOT regulations, EVT-000896 & EVT-000904 | Not Offered | |
| 20. | 102_0249.jpg photo of drum and overpack | Not Offered | |
| 21. | 102_0209.jpg photo of drum labels | Admitted | 321 |
| 22. | DSC00006.jpg photo of drum labels | Admitted | 323 |
| 23. | DSC00036.jpg photo of response team 1 level A | Admitted | 315 |
| 24. | DSC00038.jpg photo of response team 2 level A | Admitted | 317 |
| 25. | DSC00018.jpg photo of drums | Admitted | 331 |
| 26. | 102_0215.jpg photo of tanks | Admitted | 330 |
| 27. | DSC00040.jpg photo of sample jars | Admitted | 318 |
| 28. | DSC00011.jpg photo of semi Trailer/drums | Not Offered | |
| 29. | EPA Site Hazwaste Generator ID Notification | Admitted | 340 |
| 30-1. | Hazardous Waste Manifest, EVT-001827 | Admitted | 343 |

# E X H I B I T S (Cont'd)

<u>PLAINTIFF'S EXHIBITS</u>                                                    <u>PAGE</u>

30-2. Hazardous Waste Manifest,          Admitted    345
      EVT-0001828

30-3. Hazardous Waste Manifest,          Admitted    346
      EVT-001829

30-4. Hazardous Waste Manifest,          Not
      EVT-001830                          Offered

30-5. Hazardous Waste Manifest,          Admitted    346
      EVT-001831

30-6. Hazardous Waste Manifest,          Admitted    346
      EVT-001832

30-7. Hazardous Waste Manifest,          Admitted    346
      EVT-002477

31.   DSC00015.jpg photo of             Not
      corroded drum                       Offered

32.   DSC00011a.jpg photo of tanks       Admitted    335
      with apparatus

33.   DSC00013.jpg photo of storage/     Admitted    334
      mix tank

34.   IMG_9365.jpg photo of tank         Admitted    484
      on trailer

35.   DSC00043.jpg photo of tank         Admitted    339
      waste hauler truck

36.   Diagram of sampling containers,    Admitted    437
      EVT-001767

37.   EPA Chain of Custody Form          Admitted    439
      (NEIC Samples), EVT-003374-75

38.   EPA Chain of Custody Form          Admitted    442
      (NEIC Samples), EVT-003376-77

# E X H I B I T S (Cont'd)

<u>PLAINTIFF'S EXHIBITS</u>                                                    <u>PAGE</u>

| 39. | EPA Chain of Custody Form (STL Samples), EVT-002033 | Not Offered | |
|-----|-----|-----|-----|
| 40. | IMG_9367.jpg photo of tank being loaded on trailer | Admitted | 483 |
| 41. | IMG_9365.jpg photo of tank on trailer | Not Offered | |
| 42. | IMG_9366.jpg photo of tank on trailer with building | Admitted | 407 |
| 43. | Video Clip transport tank | Admitted | 481 |
| 44. | IMG_9389.jpg photo of perimeter observation post | Admitted | 487 |
| 45. | IMG_9376.jpg photo of monitors | Admitted | 488 |
| 46. | IMG_9387.jpg photo of monitor closeup | Admitted | 490 |
| 47. | IMG_9369.jpg photo of tank being cut | Admitted | 491 |
| 48. | Video clip cutting/separating tank | Admitted | 492 |
| 49. | IMG_9384.jpg photo of sludge in tank | Admitted | 495 |
| 50. | IMG_9385.jpg photo of backhoe removing sludge | Admitted | 496 |
| 51. | IMG_9392.jpg photo of sludge in bottom of tank | Admitted | 498 |
| 52. | Video clip loading waste into polybags/drums | Admitted | 499 |
| 53. | IMG_9399.jpg photo of cleaned tank | Not Offered | |

# E X H I B I T S (Cont'd)

## PLAINTIFF'S EXHIBITS                                          PAGE

54.   Letter Tom Boyden STL Labs,        Admitted   456
      EVT-001948

55.   STL Lab Analytical  Narrative,     Not
      EVT-002003-2006                     Offered

56.   STL Lab pH worksheet,              Admitted   545
      EVT-002378

57.   STL Lab bench sheet,               Admitted   551
      EVT-002379

58.   Richard Ross Powerpoint            Admitted   516
      Presentation                       (illust.
                                         only)

59.   Video of Reactivity Analysis       Not
      by Richard Ross                    Offered

60.   NEIC Analytical  Report by         Not
      Richard Ross                       Offered

61.   Case Map Timeline                  Not
                                         Offered

62.   Consent for Access to Property     Admitted   419

63-
67.   Not Marked

68.   MSDS Sheet Sodium Borohydride      Admitted   701
                                         (with
                                         limiting
                                         instruct.)


*  *  *  *  *

*  *  *

*

# E X H I B I T S

DEFENDANT'S EXHIBITS                                         PAGE

| | | | |
|---|---|---|---|
| A. | Patent | Admitted | 661 |
| B. | Invention | Not Offered | |
| C. | Corporate Responsibilities | Admitted | 51 |
| D. | List of Equipment | Admitted | 51 |
| E. | SBH Corporate Documents | Admitted | 51 |
| F. | U.S. Bank Information regarding purchase of sodium metal | Admitted | 39 |
| G. | Invoice for purchase of mineral oil | Admitted | 51 |
| H. | Invoice for purchase of borax | Admitted | 43 |
| I. | Invoice for purchase of silicon | Admitted | 44 |
| J. | Invoice for purchase of ferrosilicon | Admitted | 46 |
| K. | Picture of Tanner Building | Admitted | 48 |
| L. | Picture of mixture and drums | Admitted | 48 |
| M. | Picture of drums | Not Offered | |
| N. | Picture of borax | Admitted | |
| O. | Statement of Clyde Chaffin | Not Offered | |
| P. | Expert's slides | Not Offered | |
| Q. | Notes and pictures of silicon drums | Not Offered | |

## E X H I B I T S (Cont'd)

PLAINTIFF'S EXHIBITS                                              PAGE


R.      Billing information GEM              Not
                                            Offered

S.      Ebay purchases                       Not
                                            Offered

T.      Photo of tanks - one cut open     Admitted   379

U.      Photo of barrels                  Admitted   381



                        * * * * *

                          * * *

                            *

P R O C E E D I N G S

June 18, 2007

--oo0oo--


THE CLERK:   Court will now hear Criminal Case No. 06-206-E, United States of America vs. Krister Evertson for day six of a jury trial.

THE COURT:   For the record -- well, first of all, good morning, ladies and gentlemen.  I hope you had a pleasant weekend.

For the record, I will note that all jurors are present except for Juror {Name Redacted} and as counsel will recall, we agreed to excuse Juror {Name Redacted} because he was the second alternate and he had business obligations and there was very little likelihood that he would deliberate.

I wanted to confirm for the record that counsel was in agreement on that point.

MR. SUTCLIFFE:   Yes, Your Honor.

MR. VIETH:   Yes, Your Honor.

THE COURT:   All right.   Ladies and gentlemen, I am now going to read to you my instructions.   I might note that for the first time during the course of the trial, we actually have a courtroom that's quite warm. I will ask if Ms. Garcia can check and send a message

1    to Ms. Hutchison to see if Mr. Bosch can check on

2    things to see if we have a problem here in the

3    courtroom as far as air-conditioning.

4           I am going to ask Mr. Metcalf to pass out a

5    copy of my instructions to you so you can read along

6    with me as I read the instructions.

7           All right.  Ladies and gentlemen, you can

8    follow along with me.

9           Members of the jury, now that you have heard

10   all of the evidence and the arguments of attorneys, it

11   is my duty to instruct you on the law which applies to

12   this case.  You will each have your own set of

13   instructions.  You can take what you have with you in

14   the jury room, so you each will have your own copy to

15   refer to during your deliberations.

16          It is your duty to find from the facts -- find

17   the facts from all the evidence in the case.  To those

18   facts, you will apply the law as I give it to you.  You

19   must follow the law as I give it to you whether you

20   agree with it or not, and you must not be influenced by

21   any personal likes or dislikes, opinions, prejudices,

22   or sympathy.  That means that you must decide the case

23   solely on the evidence before you.  You will recall

24   that you took an oath promising to do so at the

25   beginning of the case.

1    In following my instructions, you must follow
2  all of them and not single out some and ignore others.
3  They are all equally important.  And you must not read
4  into these instructions or into anything the Court may
5  have said or done, any suggestion as to what verdict
6  you should return.  That is a matter entirely up to
7  you.
8    The defendant has pleaded not guilty to the
9  charges in this case contained in the indictment.  The
10 indictment is not evidence.  The defendant is presumed
11 to be innocent and does not have to testify or present
12 any evidence to prove innocence.
13    The government has the burden of proving every
14 element of the charges beyond a reasonable doubt.  If
15 it fails to do so, you must return a not guilty
16 verdict.
17    A defendant in a criminal case has a
18 constitutional right not to testify.  No presumption of
19 guilt may be raised and no inference of any kind may be
20 drawn from the fact that the defendant did not testify.
21    Proof beyond a reasonable doubt is proof that
22 leaves you firmly convinced that the defendant is
23 guilty.  It is not required that the government prove
24 guilt beyond all possible doubt.
25    A reasonable doubt is a doubt based upon

reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all of the evidence or from lack of evidence.

If, after a careful and impartial consideration of all of the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.

On the other hand, if after a careful and impartial consideration of all of the evidence you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

The evidence from which you are to decide what the facts are consists of:

First, the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness.

Second, the exhibits which have been received into evidence.

And third, any facts to which all the lawyers have agreed or stipulated.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.

1    Certain things are not evidence, and you may not
2    consider them in deciding what the facts are.  I will
3    list them for you.
4            First, arguments and statements by lawyers are
5    not evidence.  The lawyers are not witnesses.  What
6    they have said in their opening statements, closing
7    arguments, and at other times is intended to help you
8    interpret the evidence, but it is not evidence.  If the
9    facts, as you remember them, differ from the way the
10   lawyers have stated them, your memory of them controls.
11           Second, questions and objections by lawyers
12   are not evidence.  Attorneys have a duty to their
13   clients to object when they believe a question is
14   improper under the Rules of Evidence.  You should not
15   be influenced by the objection or by the Court's ruling
16   on it.
17           Third, testimony that has been excluded or
18   stricken or that you have been instructed to disregard
19   is not evidence and must not be considered.  In
20   addition, some testimony and exhibits have been
21   received only for a limited purpose.  Where I have
22   given a limiting instruction, you must follow it.
23           Anything you may have seen or heard when the
24   Court was not in session is not evidence.  You are to
25   decide the case solely on the evidence received at the

trial.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact.  You will recall, ladies and gentlemen, on the first day of trial I gave you a hypothetical or an example of the difference between direct and circumstantial evidence. You might reflect back on that as you consider this instruction.

The important point, though, is the next sentence in the instruction, which is you should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says or part of it or none of it.

In considering the testimony of any witness, you may take into account:

First, the opportunity and ability of the

witness to see or hear or know the things testified to.

Second, the witness' memory.

Third, the witness' manner while testifying.

Fourth, the witness' interest in the outcome of the case and any bias or prejudice.

Fifth, whether other evidence contradicted the witness' testimony.

Sixth, the reasonableness of the witness' testimony in light of all of the evidence.

And seventh, any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

The defendant is on trial only for the crimes charged in the indictment, not for any other activities.

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

Count 1 of the indictment charges the defendant, Krister Evertson, with willfully violating Title 49, United States Code Section 5124, by transporting the sodium metal in 55-gallon drums.  The

1    statute makes it a federal crime or offense for anyone
2    to willfully violate a federal hazardous material
3    regulation.
4            The defendant can be found guilty of that
5    offense only if all of the following facts are proved
6    beyond a reasonable doubt:
7            First, that the defendant violated a federal
8    hazardous materials regulation with all of you agreeing
9    on the regulation or regulations violated.
10           Second, that the defendant had knowledge of
11   the facts giving rise to the violation.
12           And third, that the defendant knew that his
13   conduct was unlawful.
14           With regard to the first element, that the
15   defendant violated a federal hazardous materials
16   regulation, the government charges that the defendant
17   violated, first, regulations governing shipping papers,
18   and, second, regulations governing placarding.  I will
19   now give you some specific instructions on the
20   regulations relating to shipping papers and placarding.
21           A federal hazardous materials regulation found
22   in Title 49 of the Code of Federal Regulation, or CFR,
23   Section 172.200(a) requires that any person who offers
24   hazardous material for transportation shall describe
25   the hazardous material on a shipping paper.   More

1    specifically, shipping papers must include each of the
2    following:
3              First, the proper shipping name as prescribed
4    under the regulations.
5              Two, the hazardous class or division
6    prescribed for the material under the regulations.
7              Third, the identification number prescribed
8    for the material under the regulations.
9              Fourth, the packing group, in Roman numerals,
10   prescribed for the material under the regulation.  You
11   are instructed that sodium is covered by Packing
12   Group I.
13             And fifth, the total quantity of the hazardous
14   material covered by the description.
15             The information required in one through four
16   is all found in the entry for each hazardous substance
17   in the Hazardous Material Table in 49 CFR Section
18   172.101.
19             As required by Section 172.201, the shipping
20   papers also must include an emergency response
21   telephone number.  The telephone number must be the
22   number of the person offering the hazardous material
23   for transportation or the number of an organization or
24   agency capable of and accepting responsibility for
25   providing the detailed information concerning hazardous

1   material.

2           As required by Section 172.204, each person

3   offering hazardous materials for transportation must

4   also certify on the shipping paper that the contents

5   are properly classified, described, marked, labelled,

6   packaged, and in proper condition for transportation.

7           Placarding.  A federal hazardous materials

8   regulation found in 49 CFR Section 172.500 requires

9   that any person offering hazardous materials for

10  transportation comply with the placarding requirement

11  of the applicable placarding sections.

12          Section 171.504 requires any bulk packaging,

13  freight container, unit load device, transport vehicle

14  or rail car containing any quantity of a hazardous

15  material must be placarded on each side at each end

16  with the type of placard specified in Tables 1 and 2 of

17  that section.

18          Table 1 specifies that Division 4.3 materials

19  require a placard that indicates "Dangerous When Wet."

20  The "Dangerous When Wet" placards are described and

21  depicted in a drawing in Section 171.548.

22          Section 172.506 requires that each person

23  offering a motor carrier a hazardous material for

24  transportation by a highway shall provide to the motor

25  carrier the required placards for the material being

1   offered prior to or at the same time the material is
2   offered for transportation, unless the carrier's motor
3   vehicle is already placarded for the material.
4   Moreover, under Section 172.506, no motor carrier may
5   transport a hazardous material in a motor vehicle
6   unless the placards required for the hazardous material
7   are affixed.
8           Definition of terms relevant to Count 1.
9           First, hazardous material means a substance or
10  a material the Secretary of Transportation designates
11  under Section 5103(a) of Title 49 of the United States
12  Code because transporting the material in a particular
13  amount or form may pose an unreasonable risk to health
14  and safety or property.
15          Pursuant to that statute, the Secretary of
16  Transportation has designated sodium as a hazardous
17  material in the Hazardous Material Table in 49 CFR
18  Section 172.101.
19          Division 4.3 material means a material that is
20  dangerous when wet because it is a material that, by
21  contact with water, is liable to become spontaneously
22  flammable or to give off flammable or toxic gas.
23          Overview of the Resource Conservation and
24  Recovery Act, or RCRA.
25          Counts 2 and 3 charge the defendant with

1     illegal storage or disposal of hazardous waste.  These

2     are violations of the Resource Conservation and

3     Recovery Act.

4            RCRA is a set of federal laws that regulate

5     the transportation, treatment, storage, and disposal of

6     hazardous waste.  Congress has determined that the

7     unregulated handling of hazardous waste threatens the

8     health and safety of citizens and the environment.

9     Accordingly, anyone who stores or disposes of hazardous

10    waste in Idaho must have a permit issued by the United

11    States Environmental Protection Agency or the State of

12    Idaho.  Hazardous waste permits specify the

13    requirements for the safe transportation, treatment,

14    storage, and disposal of hazardous waste and procedures

15    for the handling of hazardous waste at permitted

16    facilities.

17           Both Counts 2 and 3 allege that the defendant

18    stored or disposed of hazardous waste at Steel and

19    Ranch Supply.  Count 2 alleges that the storage or

20    disposal was in above-ground storage tanks, while

21    Count 3 alleges that the storage or disposal was in

22    55-gallon drums.

23           I will now instruct you on the specific

24    elements the government must prove for each count.

25           Count 2 of the indictment charges that

1    beginning on or about August 1, 2002, and continuing to
2    on or about May 27, 2004, in the District of Idaho, the
3    defendant did knowingly store or dispose of hazardous
4    waste in above-ground storage tanks at Steel and Ranch
5    Supply without a permit issued by the United States
6    Environmental Protection Agency or the State of Idaho.
7         To find the defendant guilty of this crime,
8    you must be convinced that the government has proven
9    each and every one of the following elements beyond a
10   reasonable doubt:
11        First, the defendant knowingly stored or
12   disposed of or knowingly caused others to store or
13   dispose of hazardous waste in above-ground storage
14   tanks at Steel and Ranch Supply.
15        Second, that the defendant knew that the
16   material in the above-ground storage tanks at Steel and
17   Ranch Supply had the potential to be harmful to others
18   or to the environment.
19        Third, that the hazardous waste was identified
20   as a hazardous waste by the United States Environmental
21   Protection Agency, EPA, pursuant to RCRA.
22        And fourth, that the defendant had not
23   obtained a permit from EPA or the State of Idaho
24   authorizing the disposal of such hazardous waste under
25   RCRA.

1        The government does not need to prove that the
2   defendant knew that the waste was listed or identified
3   as hazardous waste in the EPA regulations or that the
4   defendant knew that he was required to obtain a permit
5   before disposing of the waste.   The government is not
6   required to prove that the defendant knew that he was
7   violating RCRA.
8        If you are convinced that the government has
9   proven all of the elements set forth above, return a
10  guilty verdict on this charge.   If you have a
11  reasonable doubt about any of these elements, then you
12  must find the defendant not guilty of this charge.
13       Count 3 of the indictment charges that
14  beginning on or about August 1, 2003, and continuing to
15  on or about May 27, 2004, in the District of Idaho, the
16  defendant did knowingly store or dispose of hazardous
17  waste in 55-gallon drums at Steel and Ranch Supply
18  without a permit issued by the United States
19  Environmental Protection Agency or the State of Idaho.
20       To find the defendant guilty of this crime,
21  you must be convinced that the government has proven
22  each and every one of the following elements beyond a
23  reasonable doubt:
24       First, the defendant knowingly stored or
25  disposed of or knowingly caused others to store or

1    dispose of hazardous waste in the 55-gallon drums at
2    Steel and Ranch Supply.

3           Second, that the defendant knew that the
4    material in the 55-gallon drums at Steel and Ranch
5    Supply had the potential to be harmful to others or to
6    the environment.

7           Third, that the hazardous waste was identified
8    as a hazardous waste by the United States Environmental
9    Protection Agency pursuant to RCRA.

10          And fourth, that the defendant had not
11   obtained a permit from EPA or the State of Idaho
12   authorizing the disposal of such hazardous waste under
13   RCRA.

14          The government does not need to prove that the
15   defendant knew that the waste was listed or identified
16   as hazardous waste in the EPA regulations or that the
17   defendant knew that he was required to obtain a permit
18   before disposing of the waste.   The government is not
19   required to prove that the defendant knew that he was
20   violating RCRA.

21          If you are convinced that the government has
22   proven all of the elements set forth above, return a
23   guilty verdict on this charge.   If you have a
24   reasonable doubt about any of these elements or about
25   any one of these elements, then you must find the

1   defendant not guilty of this charge.

2          Now definitions of terms relevant to Counts 2

3   and 3.

4          First, storage means the containment of

5   hazardous wastes, either on a temporary basis or for a

6   period of years, in such a manner as not to constitute

7   disposal of such hazardous waste.

8          Second, hazardous waste means, first, a solid

9   waste or combination of solid waste which, because of

10   its quantity, concentration, or physical and chemical

11   characteristics may, A, react violently with water; or

12   B, when mixed with water generate toxic gases, vapors

13   or fumes in a quantity sufficient to present a danger

14   to human health or the environment; or C, is aqueous

15   and has a pH greater to or equal than 12.5.

16          Solid waste means a discarded material which,

17   in turn, is defined as an abandoned material.   A

18   material is abandoned if it is being disposed of, or if

19   it is being stored, or in lieu of being disposed of.

20          Four, disposal means the discharge, deposit,

21   injection, spilling or leaking or placing of any

22   hazardous waste into or on any land or water so that

23   such hazardous waste, or any constituent thereof, may

24   enter the environment or be admitted -- excuse me, or

25   be emitted into the air or discharged into any water,

1  including ground waters.

2          You will note the indictment charges that the
3  offenses were committed on or about a certain date.
4  The proof need not establish with certainty the exact
5  dates of -- excuse me, the exact date of the alleged
6  offenses.  It is sufficient if the evidence in the case
7  establishes beyond a reasonable doubt that the offenses
8  were committed on a date reasonably near the date
9  alleged.

10          You have heard testimony from persons
11 described as experts.  Persons who, by education and
12 experience, have become expert in some field may state
13 their opinions on matters in that field and may also
14 state their reasons for the opinions.

15          Expert testimony should be judged just like
16 any other testimony.  You may accept it or reject it,
17 and give it as much weight as you think it deserves
18 considering the witness' education and experience, the
19 reasons for the opinion, and all of the other evidence
20 in the case.

21          Certain demonstrative summaries have been
22 shown to you in order to help explain the facts
23 disclosed by the books, records, and other documents
24 which are in evidence in the case.  They are not,
25 themselves, evidence or proof of any facts.  If they do

1  not correctly reflect the facts and figures shown by
2  the evidence in the case, you should disregard these
3  demonstrative summaries and determine the facts from
4  the underlying evidence.
5          A verdict form has been prepared for your
6  convenience.  It is attached to the back of these
7  instructions.  You may turn to it now.  It's actually
8  just the next page, if you'll turn there, to the
9  special verdict form.
10          Are you missing yours?
11          JUROR:  Yeah.
12          Does anyone -- yeah, that's it.
13          Mr. Metcalf, could you make a copy for him?
14          (Bailiff provides verdict form to juror.)
15          THE COURT:  All right.  Does everyone have it?
16          In the United States District Court for the
17  District of Idaho, the United States of America,
18  Plaintiff, versus Krister "Kris" Sven Evertson, also
19  known as Chris Erickkson, also known as Krister
20  Erickkson.
21          Special Verdict Form:
22          We, the jury, find unanimously as follows:
23          Question 1.  As to the charge in Count 1 of
24  the indictment, that the defendant, Krister Sven
25  Evertson, willfully violated Title 49, United States

1   Code, Section 5124.   The defendant is guilty or not
2   guilty.
3          As to Count 2 charged in the indictment, that
4   the defendant, Krister Sven Evertson, violated Title 42
5   of the United States Code, Section 6928(d)(2)(A).   The
6   defendant is guilty or not guilty.
7          Question 3.   As to the charge in Count 3 of
8   the indictment, that the defendant, Krister Sven
9   Evertson, violated Title 42, United States Code,
10  Section 6928(d)(2)(A).   The defendant is guilty or not
11  guilty.
12         Dated, and then a signature line for the
13  foreperson.
14         You will take this verdict form with you to
15  the jury room.   And when you have reached unanimous
16  agreement as to your verdict, you will have your
17  foreperson fill in, date and sign the verdict form
18  which sets forth the verdict upon which you agree.   You
19  will then return with your verdict to the courtroom.
20         We will now hear the closing arguments of
21  counsel, after which I will give you a few brief
22  closing instructions.
23
24         * * * * * END OF REQUESTED EXCERPT * * * * *
25

1        * * * * * BEGINNING OF REQUESTED EXCERPT * * * * *

2

3                THE COURT:  At this time, ladies and

4        gentlemen, I am going to read to you my final

5        instructions.  I always start with a reminder that the

6        arguments and statements by lawyers are not evidence.

7        The lawyers are not witnesses.  What they have said in

8        their opening statements, closing arguments, and at

9        other times is intended to help you interpret the

10       evidence, but it is not evidence.  If the facts, as you

11       remember them, differ from the way the lawyers have

12       stated them, your memory of them controls.

13               Likewise, I would add that there has been --

14       both sides have objected to arguments of counsel on the

15       grounds it's misstated the Court's instructions.

16               You are to follow the Court's instructions.

17       That's why you have a set of those instructions with

18       you, and you are to follow them.  And to the extent

19       that counsel has suggested that they mean something

20       different than the Court's instructions, you are to

21       disregard those arguments of counsel and stick to the

22       Court's instructions.

23               When you retire, you should select one member

24       of the jury as your foreperson.  That person will

25       preside over the deliberations and speak for you here

1    in court.

2           You will then discuss the case with your

3    fellow jurors to reach agreement, if you can do so.

4           Your verdict, whether guilty or not guilty,

5    must be unanimous.  Each of you must decide the case

6    for yourself, but you should do so only after you have

7    considered all the evidence, discussed it fully with

8    the other jurors, and listened to the views of your

9    fellow jurors.  Do not be afraid to change your opinion

10    if the discussion persuades you that you should, but do

11    not come to a decision simply because other jurors

12    think it is right.

13           It is important that you attempt to reach a

14    unanimous verdict, but, of course, only if each of you

15    can do so after having made your own conscientious

16    decision.  Do not change an honest belief about the

17    weight and effects of the evidence simply to reach a

18    verdict.

19           Your verdict must be based solely on the

20    evidence and the law as I have given it to you in these

21    instructions.  However, nothing that I have said or

22    done is intended to suggest what your verdict should

23    be.  That is entirely for you to decide.

24           Some of you have taken notes during the trial.

25    Such notes are only for the personal use of the person

1    who took them.

2         The punishment provided by law for this

3    offense is for the Court to decide.   You may not

4    consider the punishment in deciding whether the

5    government has proved its case against each defendant

6    beyond a reasonable doubt.

7         After you have reached unanimous agreement on

8    a verdict, your foreperson will fill in the form that

9    has been given to you, sign and date it, and advise the

10   bailiff outside your door that you are ready to return

11   to the courtroom.

12        If it becomes necessary during your

13   deliberations to communicate with me, you may send a

14   note through the bailiff, signed by your foreperson or

15   by one or more members of the jury.   No member of the

16   jury should ever attempt to communicate with me except

17   by a signed writing, and I will communicate with any

18   member of the jury on anything concerning the case only

19   in writing or orally here in open court.

20        If you send out a question, I will consult

21   with the attorneys before answering it, which may take

22   some time.   You may continue your deliberations while

23   waiting for the answer to any question.   Remember that

24   you are not to tell anyone, including me, how the jury

25   stands, numerically or otherwise, on the question of

1    the guilt of the defendant until after you have reached

2    a unanimous verdict or have been discharged.

3           You will now retire to the jury room.  And the

4    first duty will be to select your foreperson.  You will

5    then be permitted to start your deliberations.  The

6    bailiff will shortly bring in the original exhibits

7    admitted into evidence.

8           Let me inquire of the jury.  Are there any

9    jurors who feel like they could not proceed with

10   deliberations because of any problem you're having or

11   any illness?  I see no response.

12          Mr. Potter, you were the alternate,

13   essentially, selected from the outset of the trial.  So

14   you will be excused.  And I would ask you to continue

15   to follow the Court's admonition not to discuss the

16   case with anyone.  There are rare circumstances where a

17   juror might actually be summoned and asked to

18   deliberate with the jury if a juror becomes ill during

19   deliberations.  That's a very rare event.

20          But because it may happen, I would ask you not

21   to discuss the case with anyone, not to form any

22   opinions about it.  If you do start discussing the

23   case, it would preclude you from being called back to

24   serve with the jury during the balance of

25   deliberations.

1    At this time -- and I would note, I guess I'll
2    give you an option.  I think you ordered a meal.  If
3    you want to wait, you won't be able to stay in the jury
4    room.  If you want to pick up your meal before you
5    leave, you are certainly free to do so.  But the jury
6    cannot begin its deliberations until you leave the jury
7    room.  So as long as you are here, I will ask you to
8    gather up your belongings and leave the jury room.
9    At this time I will ask Ms. Garcia to swear
10   Mr. Bailiff to act as the bailiff in this matter.
11   (Bailiff sworn.)
12   THE COURT:  All right.  At this time, ladies
13   and gentlemen, I will allow you to retire to the jury
14   room and begin your deliberations, which should only
15   begin after Mr. Potter has left the courtroom -- or
16   left the jury room.
17   Mr. Potter, if you want to even come back at
18   12:30 to pick up your meal, you can do that as well.
19   Or if you want to donate it to somebody else, I guess,
20   one of the other jurors could perhaps partake.  I will
21   leave it up to you.
22   (Jury retires to deliberate.)
23   THE COURT:  Counsel, just a couple
24   housekeeping matters.  I will leave it to counsel to
25   closely review the trial exhibits to make sure they are

1    in proper form.  I don't think there were any

2    redactions.  But nevertheless, I feel it's your

3    responsibility to ensure that the exhibits going back

4    to the jury room are what you understood the admitted

5    exhibits to be.

6          Also, with regard to jury questions, my normal

7    procedure is to take the written note, prepare a

8    proposed response, circulate it to counsel.  If you're

9    here in the building or in close proximity thereto, I

10    will have you come up into the courtroom.  If not, we

11    will do it by phone.  I will then get your objections,

12    if any, and then determine how to respond to the jury

13    question.  I do that in writing rather than bring the

14    jury into the courtroom.

15          I assume also no objection to that?

16          MR. VIETH:  No, Your Honor.

17          MR. SUTCLIFFE:  No, Your Honor.

18          THE COURT:  Finally, if you would stay close

19    to the courthouse, no more than 15-minute driving

20    distance, so if there is a jury question or a verdict

21    we can respond quickly and not hold the jury up.

22          Is there anything else at this time, Counsel?

23          MR. SUTCLIFFE:  No, Your Honor.

24          MR. VIETH:  No, Your Honor.

25          THE COURT:  All right.  Court then will be in

1   recess.

2             (Whereupon, the Court recessed.)

3             THE COURT:   For the record, I will note that

4   all jurors are present, and the Court has been advised

5   by the jury that it has reached a verdict.

6             Mr. {Name Redacted}, are you the foreperson?

7             JUROR:   Yes.

8             THE COURT:   Has the jury reached a unanimous

9   verdict?

10            JUROR:   Yes.

11            THE COURT:   All right.   Would you hand that to

12  Mr. Metcalf, please?

13            (Bailiff hands verdict to the Court.)

14            THE COURT:   Mr. {Name Redacted}, this is the

15  unanimous verdict of the jury?

16            JUROR:   Yes, Your Honor.

17            THE COURT:   All right.   Ladies and gentlemen,

18  I am going to have the verdict published by having it

19  read.   I will ask you to pay careful attention to the

20  verdict as read, since you may be polled individually

21  as to whether this is or is not your individual verdict

22  in all respects.

23            Ms. Garcia, if you will.

24            And I would ask the defendant to please rise.

25            THE CLERK:   In matter of the United States of

1   America vs. Krister Sven Evertson, Criminal Case No.
2   06-206-E, we, the jury, find unanimously as follows:
3           As to the charge in Count 1 of the indictment
4   that the defendant, Krister Sven Evertson, willfully
5   violated Title 49, United States Code Section 5124, the
6   defendant is guilty.
7           As to the charge in Count 2 of indictment,
8   that the defendant, Krister Sven Evertson, violated
9   Title 42, United States Code Section 6928(d)(2)(A), the
10  defendant is guilty.
11          As to the charge in Count 3 of the indictment,
12  that the defendant, Krister Sven Evertson, violated
13  Title 42, United States Code Section 6928(d)(2)(A), the
14  defendant is guilty.
15          Dated June 18, 2007, {Name Redacted},
16  foreperson.
17          THE COURT:  You may be seated.
18          Ladies and gentlemen of the jury, is this your
19  verdict, so say you one, so say you all?
20          JURORS:  Yes.
21          THE COURT:  Counsel, do you wish to have the
22  jury polled?
23          MR. VIETH:  No, Your Honor.
24          THE COURT:  All right.  I will direct that the
25  verdict be entered of record in this matter.

1          I would take just a minute and give you an
2     instruction -- actually, I don't have a copy here, but
3     I think I can recall it from memory.
4          Ladies and gentlemen, the question may arise
5     as to whether you may now discuss this case with
6     others.  Of course, you are now free to do so, and it's
7     possible that the attorneys may contact you to inquire
8     as to what factors entered into your decision.
9          In that regard, I would indicate that you are
10    free to discuss this case now with the attorneys or
11    with anyone if you wish to, but you are under no
12    obligation to do so.  Should anyone persist in
13    discussing the case with you over your objection, you
14    should feel free to contact me and let me know and I'll
15    take appropriate action.
16          However, these are all very good attorneys.
17    And I'm sure that if they contact you, it will be more
18    just to inquire as to what matters may have affected
19    your decision-making, and they will honor any request
20    you would have to discontinue that conversation.
21          Ms. Garcia, do you have a sentencing date?
22          All right.  Let me indicate that we will
23    schedule sentencing in this matter for August 28, 2007.
24    I will order a presentence report, which will be due on
25    July 24, 2007.  Counsel must notify the probation

1    office of their objections by August 7, 2007, and the

2    final report will be due August 21, 2007.

3              I assume, does the government seek to detain

4    the defendant?

5              MR. SUTCLIFFE:  No, Your Honor.

6              THE COURT:  I will order the defendant's

7    release pending sentencing in this matter, finding that

8    he does not pose a risk of flight or a danger to the

9    community pending disposition of this matter.

10             All right.  Is there anything else, Counsel?

11             MR. SUTCLIFFE:  Not from the government, Your

12   Honor.

13             MR. VIETH:  No.

14             THE COURT:  Ladies and gentlemen, I take a few

15   minutes at the close of each case to discuss the case

16   with you.  But I can't talk about the merits of the

17   case itself, but to answer any procedural questions you

18   may have.  Don't feel any obligation to stick around if

19   you have better things to do on a Monday afternoon than

20   to visit about this further, but I feel I have an

21   obligation to at least shake your hand and thank you

22   personally for your service.  So I try to do that in

23   the jury room.

24             If there is nothing else then, we will be

25   adjourned.

1    (Whereupon, the Court recessed.)
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# R E P O R T E R ' S   C E R T I F I C A T E

I, STACY A. HEINZ, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.



_____|s|_____                ___3/6/08___
Stacy A. Heinz                         Date