UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>KRISTER SVEN EVERTSON,<br><br>　　　　　　Defendant. | Case No. 4:06-Cr-206-BLW<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

Pending before the Court is Defendant's Motion for Early Termination of Supervised Release (Dkt. 130). Having reviewed the Motion, the Government's Response (Dkt. 131), and Defendant's Reply (Dkt. 132), the Court finds that the parties have adequately identified the issues and that a hearing is not necessary. Furthermore, following that review, and having consulted with the supervising Probation Officer, the Court enters the following Order denying the Motion without prejudice to renewal in four months.

## BACKGROUND

Defendant was convicted following a jury trial of one count of violating the Hazardous Materials Transportation Act and two counts of violating the Resource Conservation and Recovery Act arising out of the transportation and storage of sodium metal and various waste products. On October 22, 2007, the Court imposed a sentence of

21 months of incarceration to be followed by three years of supervised release.[1] Defendant's conviction was affirmed on appeal. He subsequently filed a motion pursuant to 28 U.S.C. § 2255 which is currently pending. The Court notes that terminating supervised release would not moot the § 2255 Motion. *See Chacon v. Wood*, 36 F.3d 1459, 1463 (9th Cir. 1994), *overruled on other grounds*, 28 U.S.C. 2254(c).

Defendant has served his term of imprisonment and slightly over half of his term of supervised release which commenced on July 27, 2009. He requests early termination based on (1) the difficulty of caring for his mother in Idaho and her desire to return to Alaska to teach young women the handicrafts she learned in her home country of Sweden; (2) his "deeds of service" in testifying before Congress, appearing on a nationally aired show, and allowing his story to be included in *One Nation Under Arrest* published by the Heritage Foundation, all on the subject of overcriminalization in the criminal justice system; and (3) the increased opportunity for securing employment in Alaska given that his tools, contacts, and support system are located in that state.[2]

The Government opposes the motion on the grounds that (1) Defendant has always been self-employed mining or conducting experiments and may return to the behavior that gave rise to the charges underlying his conviction, (2) he has lost his mining lease and may be ineligible for future government leases, and (3) his attempts at rehabilitation

---

[1] The Court imposed sentence based on a guideline range of 21 to 27 months.

[2] The State of Alaska refused to accept a transfer of jurisdiction over his supervised release based on its concerns about his ability to find employment there.

consist of speaking to Congress and others about the fact that his actions should not be criminalized.

The Probation Officer is neither for nor against early termination. While noting that Defendant has been compliant in all respects with his conditions of supervised release, the Probation Officer also notes that Defendant has done nothing "above and beyond" which is one of the criteria Probation generally requires before recommending early termination.

## DISCUSSION

The Court has the discretion to terminate a term of supervised release at any time after a defendant has served one year of that term if, after considering certain specified § 3553(a) factors, the Court concludes that early termination is warranted by the defendant's conduct and the interest of justice. 18 U.S.C. § 3583(e)(1). The factors to be considered are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

*United States v. Smith*, 219 Fed. Appx. 666, 667 n.3 (9th Cir. 2007).

Stated another way, all of the § 3553(a) factors considered when imposing sentence on the offense of conviction are to be considered in deciding whether to grant early termination of supervised release except for "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and "the kinds of sentences available." *See* 18 U.S.C. §§ 3553(a)(2)(A) and 3553(a)(3). Early termination should only be granted in rare cases of "exceptionally good behavior." *Smith*, 219 Fed. Appx. at 668 (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

Section 3583(e) provides the "'district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release . . . in order to account for new or unforeseen circumstances.'" *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Changed circumstances include "exceptionally good behavior." *Lussier*, 104 F.3d at 36. A defendant has the burden of demonstrating that early termination of supervised release is warranted. *See United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

The Court has considered all of the pertinent § 3553(a) factors and makes particular note of the following:

1. **Nature and circumstances of the offense and history and characteristics of Defendant** – Defendant shipped 22,000 pounds of sodium metal and hazardous waste without the proper shipping papers, labeling, placarding, and packaging requirements and stored it in above ground storage tanks and 55-gallon drums without a permit from the Environmental Protection Agency. Sodium metal is highly reactive with water. The resulting CERCLA cleanup costs were over $400,000.

> Defendant has no criminal history, although he was unsuccessfully prosecuted in Alaska for illegally shipping sodium on a plane. He appears to have been diligently complying with all conditions of supervised release.

2. **Deterrence and Protection of the Public** – The Court noted at sentencing that Defendant was probably not likely to reoffend. However, the Court also noted that general deterrence is an important factor as well. The public must know that there are consequences for violating transportation and storage requirements for hazardous materials because of the potential effect on the environment and the potential for harm to people and property if the materials were to explode. General deterrence is still a concern to the Court. Defendant's statement that he has "vowed to avoid any conduct that might arouse the ire of the EPA" is somewhat counterbalanced by his support of the movement against overcriminalization of actions such as his.

3. **Sentence and sentencing range** – Defendant was sentenced to the low end of the guideline range after the Court sustained Defendant's objection to a 9-level enhancement pursuant to USSG § 2Q1.2(b)(2) for substantial likelihood of death or serious bodily injury. The Court resolved the objection in his favor despite some arguable basis for the enhancement. Had the Court overruled the objection, the guideline range would have been 57 to 71 months, and Defendant would still be incarcerated.

4. **Restitution** – Following a remand from the Ninth Circuit, the Court imposed restitution as a condition of supervised release rather than as part of the sentence. As Defendant noted, the Court indicated at resentencing that unpaid restitution would not be a factor in denying early termination if he otherwise qualifies.

Although Defendant has performed well while on supervised release, this Court has consistently held that compliance with conditions of supervised release is expected but not sufficient to justify early termination. Other courts have done so as well. *See, e.g., United States v. Weintraub*, 371 F.Supp. 2d 164 (D. Conn. 2005); *United States v. McKay*, 352 F.Supp. 2d 359 (E.D.N.Y. 2005). Had Defendant been involved in activities such as educating others on the importance of becoming informed of and following

environmental regulations or on the potential environmental dangers of hazardous materials, the Court may have been inclined to find that Defendant has demonstrated the "exceptionally good behavior" required by *Lussier*. To the contrary, however, Defendant's activities such as testifying before Congress tend to demonstrate a minimization of the actions underlying his offense. Accordingly, Defendant has not met his burden of demonstrating that early termination of his supervised release is warranted.

The primary impetus behind Defendant's motion appears to be his desire to care for his mother by taking her back to Alaska where she wants to be. His mother's fall and resultant inability to live on her own may constitute a new or unforeseen circumstance that was not contemplated at sentencing that would render supervised release too harsh. It was not obviously not specifically foreseen at sentencing. However, given that she was 80 years old at the time, such an occurrence was not necessarily unexpected.

A review of the Presentence Report indicates that Defendant has five siblings, two of whom testified at his sentencing hearing. The Court recognizes that Defendant previously lived with and cared for his mother for many years in Alaska. However, given that he has five siblings, it is not unreasonable for the Court to expect that one or more of them could assume or share care for his mother or make other arrangements for her care in Alaska. Accordingly, the Court will deny the Motion at this time.

## ORDER

**IT IS ORDERED** that Defendant's Request for Early Termination (Dkt. 130) is

**DENIED** without prejudice to renewing it in four months. Any renewed motion shall be supported by letters, affidavits, or other evidence indicating that Defendant has concrete job prospects in Alaska.

DATED: **March 7, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge